# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM G. CARTER, | ) |
| Plaintiff, | ) |
| vs. | ) Case number 4:06cv0620 TCM |
| ALAN BLAKE and JANINE SEMAR, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This pro se 42 U.S.C. § 1983 action is before the Court[1] on the motions of plaintiff, William G. Carter, for appointment of counsel [Docs. 4, 16, 17], to be excluded from discovery [Doc. 13], and for leave to file an amended complaint [Docs. 15, 19] and on the motion of defendants, Alan Blake and Janine Semar, to dismiss [Doc. 7]

Citing § 1983 and the First, Fifth, and Fourteenth Amendments, Plaintiff alleges in his seminal complaint that he is denied access to Catholic religious services and is denied the opportunity to practice his religion. Consequently, he has suffered emotional and physical distress. He seeks relief in the form of an order directing Defendants, officers at the Missouri Sexual Offender Treatment Center, to provide Catholic services, monetary damages in the amount of $65,242.12, and attorney's fees. Defendants argue in their motion to dismiss that (1) Plaintiff's claims for monetary damages must be dismissed because the suit is against them only in their official capacity and such damages are barred by the Eleventh

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

Amendment and (2) his Fifth Amendment claim is barred because such claim applies only to acts of the federal government.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed if it fails to state a claim. In considering a Rule 12(b)(6) motion, this Court must assume that all the facts alleged in the complaint are true and must grant the nonmovant every reasonable inference. **Knieriem v. Group Health Plan**, 434 F.3d 1058, 1060 (8th Cir. 2006). "'A motion to dismiss should be granted only if it appears beyond doubt that the plaintiff can prove no set of acts to warrant a grant of relief.'" **Id.** (quoting Gilmore v. County of Douglas, Neb., 406 F.3d 935, 937 (8th Cir. 2005)). "'Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" **Parnes v. Gateway, Inc.**, 122 F.3d 539, 546 (8th Cir. 1997) (quoting Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982)). Additionally, allegations in a pro complaint are to be liberally construed. **Haines v. Kerner**, 404 U.S. 519, 520 (1972) (per curiam); **Stringer v. St. James R-1 School Dist.**, 446 F.3d 799, 802 (8th Cir. 2006); **Wishnatsky v. Rovner**, 433 F.3d 608, 610 (8th Cir. 2006).

Defendants correctly note that "if a complaint is silent, or only hints at the capacity in which a state officer is sued for monetary damages, the complaint should be interpreted as an official-only claim." **Andrus ex rel. Andrus v. Arkansas**, 197 F.3d 953, 955 (8th Cir. 1999) (citing Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)). Such claims for monetary damages are barred by the Eleventh Amendment. **Id.** This

silence, however, does not preclude an award of injunctive relief where, as in the instant case, the defendants are state officials and not the state or one of its agencies. **Larson v. Kempker**, 414 F.3d 936, 939-40 (8th Cir. 2005). The motion to dismiss will be denied.

Plaintiff requests leave to amend his complaint to clarify that he is suing the two defendants in their individual capacity. "A district court should grant leave to amend freely 'when justice so requires.'" **Marmo v. Tyson Fresh Meats, Inc.**, 457 F.3d 748, 755 (8th Cir. 2006) (quoting Fed.R.Civ.P. 15(a)). "'[D]enial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party.'" **United States ex rel. Joshi v. St. Luke's Hosp., Inc.**, 441 F.3d 552, 557 (8th Cir. 2006) (quoting United States ex rel. Gaudineer & Comito, L.L.P. v. Iowa, 269 F.3d 932, 936 (8th Cir. 2001)) (alteration added). None of these negative considerations are present in this case. Thus, Plaintiff will be granted leave to file his amended complaint specifically alleging that he is suing Defendants in their individual capacity.[2]

The proposed amended complaint includes, as does the original complaint, a citation to the First, Fifth, and Fourteenth Amendments. Portions of the Fifth Amendment are made applicable to the State through the due process provision of the Fourteenth Amendment. See **Harris v. Missouri Conservation Com'n**, 790 F.2d 678, 679 (8th Cir. 1986); **Collier v.**

---

[2]In his second motion to amend his complaint, Plaintiff requests leave to file an amended complaint that alleges Defendants are grossly negligent in not hiring a priest or nun and not allowing Plaintiff to practice his beliefs. Plaintiff must, however, show more than gross negligence in a § 1983 action. See **Alberson v. Norris**, 458 F.3d 762, 766 (8th Cir. 2006); **Hart v. City of Little Rock**, 432 F.3d 801, 805 (8th Cir. 2005); **Terry B. v. Gilkey**, 229 F.3d 680, 684 (8th Cir. 2000). The second motion to amend will be denied.

**City of Springdale**, 733 F.2d 1311, 1313 N. 3 (8th Cir. 1984). Liberally construing Plaintiff's complaint, the Court will not dismiss his Fifth Amendment citation at this time.

Citing Federal Rule of Civil Procedure 26(a)(1)(E)(iii), Plaintiff also requests leave to be excluded from discovery until counsel is appointed. Rule 26(a) governs a party's discovery obligations "without awaiting a discovery request." The Case Management Order directed both parties to provide certain discovery as set forth in that Order. Plaintiff's motion will be denied.

Plaintiff also moves for the appointment of counsel, explaining, inter alia, that he is being forced to take anti-psychotic medication which detrimentally affects his ability to represent himself in this action.

At this stage in the proceedings, the Court finds the factual allegations and legal issues are not complex. Moreover, Plaintiff has articulately and vigorously advocated his positions; indeed, he has sometimes cited cases and procedural rules. The Court concludes that the appointment of counsel would not be beneficial to the Court or to Plaintiff. See **Plummer v. Grimes**, 87 F.3d 1032, 1033 (8th Cir. 1996); **Swope v. Cameron**, 73 F.3d 850, 852 (8th Cir. 1996); **Rayes v. Johnson**, 969 F.2d 700, 703 (8th Cir. 1992).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's motions for the appointment of counsel and to be excluded from discovery are each **DENIED**. [Docs. 4, 13, 16, 17]

**IT IS FURTHER ORDERED** that Plaintiff's first motion for leave to file an amended complaint is **GRANTED**. [Doc. 15] Defendants, Alan Blake and Janine Semar,

are granted twenty (20) days from the date of this Order to respond to the amended complaint.

**IT IS FINALLY ORDERED** that Defendants' motion to dismiss and Plaintiff's second motion for leave to file an amended complaint are each **DENIED**.  [Docs. 7, 19]


/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of September, 2006.